29 So.3d 386 (2010)
B.C., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D09-2474.
District Court of Appeal of Florida, Fifth District.
February 26, 2010.
James S. Purdy, Public Defender, and David S. Morgan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
B.C. appeals his adjudication of delinquency and his commitment to a high-risk residential facility. We affirm.
B.C. was charged with battery upon a district school board employee and disruption or interference with an educational institution, both of which occurred while he was already in a high-risk facility for prior crimes. He pled guilty to the charges. The Department of Juvenile Justice ["the DJJ"] prepared a pre-disposition report which recommended that B.C. be "ADJUDICATED DELINQUENT and Committed to a Concurrent High Risk Program to be followed by Direct Release." At the sentencing, the trial judge agreed with the State that sentencing B.C. to a concurrent term would send a message to others in the high-risk commitment program that there are no consequences for committing a new offense while already placed in a high-risk facility. The trial court adjudicated B.C. delinquent, but ordered his commitment to the high-risk commitment program be consecutive, not concurrent. Below, B.C.'s appellate counsel filed a motion for correction of the disposition order on August 25, 2009. The motion asserted that the trial court erred by not giving reasons for its departure from the recommendation of the DJJ. In denying this motion, the trial court found:
Because the Court sentenced the child to a residential commitment program at the same level recommended by the [DJJ], the Court does not need to provide any additional reasons for departing from a portion of the [DJJ's] recommended sentence. The Court finds that the decision on whether a sentence should be concurrent or consecutive with a previously imposed sentence is well within the Court's traditional discretion and is not prohibited by E.A.R. v. State, 4 So.3d 614 (Fla.2009).
On appeal, B.C. again contends that the trial court erred by sentencing him to consecutive terms, contrary to the recommendation of the DJJ. We agree with the succinct conclusion of the trial court.
AFFIRMED.
MONACO, C.J., and TORPY, J., concur.